NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J. AUGUSTO BASTIDAS, M.D.,

        Plaintiff-Appellant,

  v.

GOOD SAMARITAN HOSPITAL LP, A
Delaware Limited Partnership; et al.,

        Defendants-Appellees.

No.   17-16432

D.C. No. 3:13-cv-04388-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 14, 2019[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BASTIAN,[***] District
Judge.

    J. Augusto Bastidas, M.D., ("Bastidas") brought a complaint against Good

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Stanley Allen Bastian, United States District Judge for
the Eastern District of Washington, sitting by designation.

Samaritan Hospital LP, ("GSH") Samaritan LLC, Good Samaritan Hospital Medical Staff, and individuals Steven Schwartz, M.D., and Bruce Wilbur, M.D., as well as the hospital's parent company HCA, Inc., (collectively, "Hospital") alleging retaliation and intentional discrimination asserting a race-based disparate treatment theory under 42 U.S.C. § 1981. Bastidas alleged that he suffered discrimination when, in September 2009 after performing a pancreatic procedure during which he removed the patient's kidney and the patient died three days later, many of his surgical privileges were suspended and he was subjected to peer review at GSH.

The Hospital moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After twice granting Bastidas leave to amend his complaint, the district court dismissed his disparate treatment claim with prejudice and without leave to amend his Third Amended Complaint ("TAC"), which is the subject of this appeal. Bastidas's retaliation claim is not on appeal.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We review a district court's decision to dismiss a complaint with prejudice for abuse of discretion. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Abuse of discretion occurs when a court "applies the wrong legal rule or if its application of the [correct] rule was illogical, implausible, or without support in

the record." *Id.* (citation and quotation omitted) (alteration in original). We conclude the district court correctly applied the proper pleading and disparate treatment standards, and so it did not abuse its discretion. We affirm.

Under a Rule 12(b)(6) motion to dismiss, dismissal is proper when a plaintiff cannot meet the pleading standard we outlined in *Starr*. *Id.* at 1215–16. The district court's reliance on *Twombly* and *Iqbal* focused on the same principles that *Starr* emphasized.

To establish a prima facie case of disparate treatment, Bastidas must show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) "similarly situated individuals outside [his] protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). The first two prongs of the disparate treatment standard are not disputed.

The district court identified the adverse employment action as the "suspension of [Bastidas's] privileges and subsequent review process" that followed the pancreatic procedure where Bastidas removed the patient's kidney and the patient died. Bastidas argues for a broader definition of the adverse employment action. But the district court did not abuse its discretion because the action meets our definition that "an adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . .

employment.'" *Davis*, 520 F.3d at 1089 (citation omitted) (alteration in original).

The district court correctly concluded that Bastidas's disparate treatment claim fails on the fourth prong. Though "the TAC is replete with allegations that white physicians were treated differently than plaintiff," these "bare allegations" do not sufficiently point to underlying facts "to be entitled to the presumption of truth." *Starr*, 652 F.3d at 1216. Though allegations of fact are taken as true and construed in the light most favorable to Bastidas, we are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on denial of reh'g en banc*, 275 F.3d 1187 (9th Cir. 2001).

Bastidas's specific allegations also fail to establish disparate treatment. He alleged that two white physicians "were disparately treated" because they were not subjected to restrictions on par with what he experienced after patient deaths. But Bastidas did not show that these physicians were similarly situated to him. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct," including "engag[ing] in problematic conduct of comparable seriousness." *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). Bastidas has not shown that all doctors had similar jobs, given the different types of surgeries involved (heart and gastric cancer). He has not shown that the white doctors engaged in conduct similar to his because there is no evidence that those

4

doctors' patient deaths were the result, at least in part, of errors, and there is no evidence of complaints following the incidents involving the white doctors, as was the case with Bastidas's patient's death. With respect to the white physician's error of sewing a catheter into a patient's artery, Bastidas has alleged no facts to show that this mistake was of "comparable seriousness" to Bastidas's removal of a kidney during a pancreatic procedure. Additionally, we are not required to credit Bastidas's conclusory assertions that he performed a more complex surgery on a patient with a graver condition at a "higher standard" than the white doctors.

Thus, none of Bastidas's factual allegations "plausibly suggest an entitlement to relief" because they neither satisfy the disparate treatment standard nor support an inference that racial animus is the reason for the adverse employment action. *Starr*, 652 F.3d at 1216. He did not provide sufficient "'fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.* at 1217 (quoting *Twombly*, 550 U.S. at 556). Rather, the Hospital's competing explanation that the adverse employment action was due to a concern for patient safety is plausible. *Id.* at 1216. We have examined all of Bastidas's other claims and conclude they are without merit.

**AFFIRMED.**

5